MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ARNULFO ROSALES, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| NAHAL REALTY CORP., HABIB FARZAMIFAR, and BAKHTIAR BAKHTIARI, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| Defendants. | |

------------------------------------------------------X

Plaintiff Arnulfo Rosales ("Plaintiff Rosales" or "Mr. Rosales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Nahal Realty Corp.,("Defendant Corporation"), Habib Farzamifar and Bakhtiar Bakhtiari, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

1.     Plaintiff Rosales is a former employee of Defendants Nahal Realty Corp., Habib Farzamifar, and Bakhtiar Bakhtiari.

2.      Defendants own, operate, or control an apartment building, located at 172 E 104th St, New York, NY 10029.

3.      Upon information and belief, individual Defendants Habib Farzamifar and Bakhtiar Bakhtiari, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the building as a joint or unified enterprise.

4.      Plaintiff Rosales was employed as  a porter at the building located at 172 E 104th St, New York, NY 10029.

5.      At all times relevant to this Complaint, Plaintiff Rosales worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Rosales appropriately for any hours worked at the straight rate of pay.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Rosales wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Rosales to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosales and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

10.     Plaintiff Rosales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Rosales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rosales's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an apartment building located in this district. Further, Plaintiff Rosales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Arnulfo Rosales ("Plaintiff Rosales" or "Mr. Rosales") is an adult individual residing in New York County, New York.

15.     Plaintiff Rosales was employed by Defendants at 172 E 104th Street, New York, NY 10029 from approximately 2005 until on or about July 31, 2020.

16.     Plaintiff Rosales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled an apartment building, located at 172 E 104th St, New York, NY 10029.

18.     Upon information and belief, Nahal Realty Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 172 E 104th St, New York, NY 10029.

19.     Defendant Habib Farzamifar is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Habib Farzamifar is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Habib Farzamifar possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rosales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Bakhtiar Bakhtiari is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bakhtiar Bakhtiari is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Bakhtiar Bakhtiari possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rosales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

21.     Defendants operate an apartment building located in the East Harlem section of Manhattan in New York City.

22.     Individual Defendants, Habib Farzamifar and Bakhtiar Bakhtiari, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Rosales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rosales, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Rosales (and all similarly situated employees) and are Plaintiff Rosales's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Rosales and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Habib Farzamifar and Bakhtiar Bakhtiari operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Rosales's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rosales, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rosales's services.

29.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the building on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Rosales is a former employee of Defendants who was employed as a porter. Plaintiff Rosales seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arnulfo Rosales*

32.     Plaintiff Rosales was employed by Defendants from approximately 2005 until on or about July 31, 2020.

33.     Defendants employed Plaintiff Rosales as a porter.

34.     Plaintiff Rosales regularly handled goods in interstate commerce, such as materials and other supplies produced outside the State of New York.

35.     Plaintiff Rosales's work duties required neither discretion nor independent judgment.

36.     From approximately October 2014 until on or about July 31, 2020, Plaintiff Rosales worked from approximately 7:00 a.m. until on or about 11:00 a.m., 7 days a week and from approximately 3:00 p.m. until on or about 4:00 p.m., 3 days a week (typically 28 to 31 hours per week).

37.     Throughout his employment, Defendants paid Plaintiff Rosales his wages by personal check.

38.     From approximately October 2014 until on or about July 31, 2020, Defendants paid Plaintiff Rosales a fixed salary of $250 to $360 per week.

39.     Defendants never granted Plaintiff Rosales any breaks or meal periods of any kind.

40.     Plaintiff Rosales was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

41.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rosales regarding overtime and wages under the FLSA and NYLL.

42.     Defendants did not provide Plaintiff Rosales an accurate statement of wages, as required by NYLL 195(3).

43.      Defendants did not give any notice to Plaintiff Rosales, in English and in Spanish (Plaintiff Rosales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

44.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosales (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

45.      Plaintiff Rosales was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

46.      Defendants' pay practices resulted in Plaintiff Rosales not receiving payment for all his hours worked, and resulted in Plaintiff Rosales's effective rate of pay falling below the required minimum wage rate.

47.      Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

48.      Defendants paid Plaintiff Rosales his wages by personal check.

49.      Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

50.      Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rosales (and similarly situated individuals) worked, and to avoid paying Plaintiff Rosales properly for his full hours worked.

51.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

52.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rosales and other similarly situated former workers.

53.     Defendants failed to provide Plaintiff  Rosales and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

54.     Defendants failed to provide Plaintiff Rosales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

55.      Plaintiff Rosales brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

56.     At all relevant times, Plaintiff Rosales and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

57.     The claims of Plaintiff Rosales stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

58.     Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

59.     At all times relevant to this action, Defendants were Plaintiff Rosales's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rosales (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

60.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

61.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

62.     Defendants failed to pay Plaintiff Rosales (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

63.     Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

64.     Plaintiff Rosales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

65.     Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

66.     At all times relevant to this action, Defendants were Plaintiff Rosales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Rosales, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

67.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rosales less than the minimum wage.

68.     Defendants' failure to pay Plaintiff Rosales the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

69.     Plaintiff Rosales was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

70.       Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

71.       Defendants failed to provide Plaintiff Rosales with a written notice, in English and in Spanish (Plaintiff Rosales's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

72.       Defendants are liable to Plaintiff Rosales in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

73.       Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

74.       With each payment of wages, Defendants failed to provide Plaintiff Rosales with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75.     Defendants are liable to Plaintiff Rosales in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

76.     Plaintiff Rosales repeats and realleges all paragraphs above as though set forth fully herein.

77.     Defendants did not pay Plaintiff Rosales on a regular weekly basis, in violation of NYLL §191.

78.     Defendants are liable to Plaintiff Rosales in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rosales respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosales and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rosales's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rosales and the FLSA Class members;

(e)     Awarding Plaintiff Rosales and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Rosales and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosales;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Rosales;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rosales's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Rosales;

(k)     Awarding Plaintiff Rosales damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiff Rosales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Rosales liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Rosales and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Rosales and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rosales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 16, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

- 15 -

By:	     /s/ Michael Faillace     
     Michael Faillace [MF-8436]
     60 East 42nd Street, Suite 4510
     New York, New York 10165
     Telephone: (212) 317-1200
     Facsimile: (212) 317-1620
     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 7, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Arnulfo Rosales

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:            *arnulfo Rosales*

Date / Fecha:            7 de octubre de 2020